IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONTRONN GOODE,              )
                             )
        Plaintiff,           )
                             )
v.                           )    Civil Action No. 3:15cv712–HEH
                             )
UNITED STATES OF AMERICA,    )
                             )
        Defendant.           )

## MEMORANDUM OPINION
(Motion to Dismiss)

THIS MATTER is before the Court on Defendant's Motion to Dismiss (ECF No. 7), filed on February 8, 2016. Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing *pro se* Plaintiff lacks standing to bring his claims. For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss.

The instant Complaint follows at least two prior attempts by Plaintiff to challenge the "Gun Owner Protection Act of 1986,"[1] both of which this Court dismissed for lack of subject matter jurisdiction. *Goode v. United States*, No. 3:13cv18 (E.D. Va. Jan. 24, 2013); *Goode v. United States*, No. 3:13cv71 (E.D. Va. Feb. 13, 2013). Although Plaintiff has substantially expanded his pleading, he has again failed to allege sufficient facts to establish standing.

---

[1] No legislation exists by this name. Presumably, Plaintiff refers to the Firearms Owners Protection Act of 1986, which he challenges in his current Complaint.

In his Complaint, Plaintiff asserts that the Gun Control Act of 1968, the Firearms Owners' Protection Act of 1986, and the Protection of Lawful Commerce in Arms statute, 15 U.S.C § 7902, violate his Second Amendment right to a "well-regulated" citizenry that keeps and bears arms, as well as his "right to life," contained within the Declaration of Independence. (Compl. 4–7, ECF No. 3.) Citing as his injury the gun-related injuries and deaths of family and friends, Plaintiff seeks a judgement that: (1) the Gun Control Act of 1968 "must require licenses and liability insurance from [sic] personal users"; (2) the Firearms Owners' Protection Act of 1986 "must not forbid a National Register," and a list of gun-related casualties and "accountability of ammunition" must be kept by the federal government; and (3) the prohibition on civil liability actions against manufacturers distributors and dealers of firearms, found in 15 U.S.C. § 7902, is unconstitutional. (*Id.* at 10.)

Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for lack of subject-matter jurisdiction. Subject-matter jurisdiction requires a justiciable case or controversy within the meaning of Article III of the United States Constitution. *See Allen v. Wright*, 468 U.S. 737, 750–51 (1984). Standing constitutes one component of justiciability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing presents a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

The Supreme Court has established that the "irreducible constitutional minimum" of standing includes three elements: (1) an injury-in-fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury

will be redressed by a favorable decision. *Lujan*, 504 U.S at 560–61 (1992) (citations omitted). Because Plaintiff seeks to invoke this Court's jurisdiction, Plaintiff bears the burden of establishing all three elements. *See id.* at 561.

To establish an injury-in-fact, the plaintiff "must allege a distinct and palpable injury to himself." *Warth*, 422 U.S. at 501 (citations omitted). The injury must "affect the plaintiff in a personal and individualized way." *Lujan*, 504 U.S. at 560 n.1. Additionally, claims asserting "'generalized grievance[s]' shared in substantially equal measure by all or a large class of citizens . . . normally do[] not warrant exercise of jurisdiction" and are more appropriately addressed to the legislature. *Warth*, 422 U.S. at 499 (citations omitted); *Brady Campaign to Prevent Gun Violence United with the Million Mom March v. Ashcroft*, 339 F. Supp. 2d 68, 74 (D.D.C. 2004).

Based on these principles, Plaintiff's allegations fail to establish that he suffered an injury-in-fact. He personally has not been injured by gun violence. Although his family and friends have unfortunately suffered from the direct effects of gun violence, the injury-in-fact in those instances is someone else's to claim. Plaintiff's reference to an "active shooter drill" preformed at a mall he frequents also fails to establish that he suffered an injury-in-fact.[2]

Further, to the extent Plaintiff could show an injury-in-fact, he fails to show any casual connection between his Second Amendment rights or "right to life" and the challenged laws. Plaintiff cites facts about stolen firearms in support of his arguments for

---

[2] Plaintiff makes this reference in his Response to Defendant's Motion to Dismiss (ECF No. 10), rather than in his Complaint.

stricter licensing and insurance requirements, but he does not allege that any of the instances of injury or death detailed in his Complaint involved stolen firearms.

He also seeks a declaration that the Protection of Lawful Commerce in Arms statute is unconstitutional. This statute protects gun manufacturers from civil suits for harm caused by criminal or unlawful misuse of their products. Plaintiff fails to plead any facts connecting any potential injury-in-fact to manufacturer liability. Accordingly, even if Plaintiff could show an injury-in-fact, he fails to show any causation between the complained-of conduct and the statutes at issue.

Finally, Plaintiff has not shown that there is a substantial likelihood that his alleged injury would be redressed by favorable judicial action. *Duke Power Co. v. Carolina Envtl. Study Group*, 438 U.S. 59, 75 n.20 (1978); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–44 (1976). The redress Plaintiff seeks with regard to the Gun Control Act of 1968 and the Firearms Owners' Protection Act of 1986 are not judicial remedies. He seeks to have this Court declare that firearm owners must have licenses and liability insurance and that a national registry is not forbidden.[3]

Additionally, when any alleged injury does not stem directly from "the government's allegedly unlawful regulation (or lack of regulation) of someone else,'" the indirectness of the injury makes it much more difficult for plaintiff to satisfy traceability and redressability requirements. *Brady*, 339 F. Supp. 2d at 77 (quoting *Lujan*, 504 U.S.

---

[3] Moreover, the request that this Court declare that a national registry is not prohibited by statute appears to be a request that this Court render an advisory opinion that a national registry is allowable under the law. As has long been the case, federal courts do not render advisory opinions. *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947).

at 562) (citing *Simon*, 426 U.S. at 44–45). Plaintiff has not alleged facts to show that the requested changes in government regulation and law have a substantial likelihood of changing the criminal behavior of the completely independent actors who have impacted his life in such an unfortunate manner. As a result, Plaintiff fails to satisfy the redressability requirement for standing.

In short, Plaintiff has alleged the sort of "generalized grievance" that alone does not warrant a court's exercise of jurisdiction. The facts in the Complaint do not amount to a personalized and concrete injury-in-fact. Nor has Plaintiff pleaded sufficient facts to show traceability and redressability. Plaintiff therefore lacks Article III standing, and the Complaint must be dismissed for lack of subject-matter jurisdiction.

For the foregoing reasons, the Court will dismiss without prejudice Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff may amplify the factual and legal basis on which his claims rest and refile his claim.

An appropriate Order shall issue.

It is so ORDERED.

                                                    /s/
                                    Henry E. Hudson
                                    United States District Judge

Date: March 25, 2016
Richmond, Virginia